UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CHARLES POOLE ) | | |
| ) | | |
| Plaintiff, ) | CASE NO.: | 4:14-cv-00662-BCW |
| ) | | |
| v. ) | | |
| ) | | |
| CONVERGENT OUTSOURCING, INC. ) | | |
| ) | | |
| Defendant. ) | | |

**DEFENDANT CONVERGENT OUTSOURCING, INC.'S MOTION
FOR LEAVE TO SERVE INITIAL DISCLOSURES OUT OF TIME**

COMES NOW Defendant, by and through counsel, and in support of its Motion for Leave to Serve Initial Disclosures Out of Time, states as follows:

1. The Court's local rules require the parties to serve initial disclosures no later than 14 days after the Rule 26(f) meeting between the parties, which precedes the entry of the Scheduling Order. (Local Rule 26.1(a)).

2. In this case, no Rule 26(f) conference occurred because Plaintiff would not return phone calls Defendant's counsel made to him, but this Court did enter a Rule 16 Scheduling Order on October 15, 2014. (See Doc. #18).

3. The parties should have served their initial disclosure no later than October 1, 2014. (See Local Rule 26.1(a)).

4. As of the filing of this Motion, Plaintiff has not served his initial disclosures upon Defendant.

5. More important for this Motion, Defendant's counsel failed to serve initial disclosure upon Plaintiff.

6.  This failure was an oversight. The vast majority of the federal court practice of Defendant's counsel occurs in the Eastern District of Missouri.  Those courts typically include the deadline to file initial disclosures in their scheduling orders, and the deadline occurs after the entry of the scheduling order.

7.  This Court did not include a deadline to file initial disclosures because the local rules dictated when they were to be filed.

8.  Defendant's counsel acknowledges that he is fully responsible to know this Court's local rules and his failure to do so is not an excuse for his failure to comply.  Defendant's counsel apologizes for the oversight, and respectfully requests leave to file the initial disclosures out of time.

9.  To date, Plaintiff has not participate in this case in any way after filing the state court petition, which Defendant removed to this Court.  Plaintiff refuses (or at least does not) communicate with Defendant's counsel; he did not appear to the Rule 16 conference; he did not serve Defendant with his initial disclosures; and he did not file any response to Defendant's pending Motion to Dismiss.

10.  Plaintiff not been prejudiced in any way by not receiving Defendant's initial disclosures as he has shown no interest in this case whatsoever once it was removed.

11.  In addition, Plaintiff's failure to receive Defendant's initial disclosures did not affect his ability to respond to the only pending motion before this Court, Defendant's Motion to Dismiss, because that motion attacks the pleading sufficiency of the Complaint. Any facts disclosed in the initial disclosures would not assist in the respond to the Motion to Dismiss.

12. Moreover, Defendant is only approximately 40 days late in serving the initial disclosures. We are still in the early stages of the case, so if any prejudicial effect did exist, it is *de minimus* at most at this stage of litigation.

13. Lastly, while Defendant further acknowledges that the local rules allow this Court to sanction Defendant's counsel for his lack of timeliness in the service of initial disclosures, Defendant requests no such sanction be imposed because counsel's failure was both unintentional, occurred during the early stages of litigation, and most importantly, Plaintiff's counsel was not prejudiced.

14. Defendant requests five additional days from the services date of this motion to prepare the initial disclosures and serve Plaintiff, which would result in a new service deadline of November 14, 2014.

WHEREFORE, Defendant respectfully requests that this Court grant Defendant's Motion for Leave to Serve Initial Disclosures Out of Time, consider Defendant's service of said disclosures as timely if done so by or before November 14, 2014, and for all other relief this Court deems just and proper.

Respectfully submitted,

**CONVERGENT OUTSOURCING, INC.**

/s/ Dennis J. Barton III
Dennis J. Barton III, #55176MO
The Barton Law Group, LLC
17600 Chesterfield Airport Rd., Ste. B7
Chesterfield, MO 63005
Phone: (636) 778-9520
Fax: (636) 778-9523
dbarton@bartonlawllc.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 10, 2014, a true copy of the foregoing was served upon Charles Poole by pre-paid First Class United States Mail:

Charles Poole
2104 Montgall Ave.
Kansas City, MO 64127
Plaintiff, *pro se*

                                                      _/s/ Dennis J. Barton III___

Page **4** of **4**

Case 4:14-cv-00662-BCW   Document 21   Filed 11/08/14   Page 4 of 4