IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-00662-BCW |
| | ) | |
| CONVERGENT OUTSOURCING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. #7). The Court, being duly advised of the premises, grants in part and denies in part said Motion.

Pro se plaintiff, Charles Poole ("Poole"), initially filed this suit in the Circuit Court of Jackson County, Missouri, asserting claims for violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 ("MMPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") against Defendant Convergent Outsourcing Inc. ("Convergent"). (Doc. #1-2). Poole alleges that Convergent improperly obtained Poole's consumer credit report such that he is entitled to statutory damages.

## LEGAL STANDARD

A motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim tests the sufficiency of a complaint. Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) (citation omitted). An alleged claim survives a Rule 12(b)(6) motion as long as the plaintiff has pleaded sufficient facts that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

1

for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In the context of a Rule 12(b)(6) motion, the court must draw all reasonable factual inferences in favor of the non-moving party. Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008). The court need not, however, extend this benefit to legal conclusions that are couched as fact. Iqbal, 556 U.S. at 678.

Further, and of particular relevance in this case, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted) (emphasis in original); see also Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). This approach to a pro se complaint means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014) (citing Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (finding that the essence of pro se plaintiff's breach of contract claim was discernable under the facts of the case, based on the attachment of the relevant contract to the complaint)).

However, a litigant's pro se status does not free him or her of compliance with substantive or procedural requirements; a pro se complaint "still must allege facts sufficient to support the claims advanced." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); Stone, 364 F.3d at 914. "The Court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded." Thompson v. Ditmanson, No. CIV. 10-4130, 2011 WL 2194605, at *2 (D.S.D. June 6, 2011) (citing Stone, 364 F.3d at 914).

2

**ANALYSIS**

Poole alleges violations of both MMPA and the FCRA based upon the same alleged conduct by Convergent. This Court has subject matter jurisdiction over claims asserted under the FCRA and exercises supplemental jurisdiction over Poole's state law claims. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983) ("[P]laintiff's right to relief necessarily depends on resolution of a substantial question of federal law."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact.").

The Court first considers whether, broadly construed, Poole's complaint states a claim to relief under the MMPA.

**A. THE MOTION TO DISMISS IS GRANTED WITH RESPECT TO THE MMPA.**

"The MMPA was enacted to preserve fundamental honesty, fair play, and right dealings in public transactions." Owen v. Gen. Motors Corp., 533 F.3d 913, 922 (8th Cir. 2008) (citation omitted). A successful MMPA claim requires a plaintiff to show "that they purchased personal merchandise and that they suffered an ascertainable loss" as a result of an unlawful practice as defined by Mo. Rev. Stat. § 407.020. Id. The statute defines the relevant unlawful acts as "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." MO. REV. STAT. § 407.020.1 (2014).

Although the MMPA is intended to apply broadly to deceptive practices, a viable cause of action accrues only under certain limited circumstances. See Owen, 533 F.3d at 922. An actionable claim under the MMPA requires that the alleged misconduct occurred "in connection

with the sale or advertisement of any merchandise." MO. REV. STAT. § 407.020.1 (2014). This language has been interpreted to create an actionable MMPA claim only where some sort of transaction occurred between the plaintiff and the defendant. El Bey v. Focus Receivables Mgmt., LLC, No. 14-0825-CV-W-ODS, 2014 WL 7272945, at *1 (W.D. Mo. Dec. 18, 2014) (citing e.g., Conway v. CitiMortgage, Inc., 438 S.W.3d 410, 415 n.3 (Mo. 2014)); Owen, 533 F.3d at 922.

In this case, Poole alleges that Convergent violated the MMPA by improperly obtaining Poole's credit report. However, the complaint states that Poole "has never had any business dealings with the defendant, nor has Plaintiff applied for any credit services, or employment . . . neither has [he] executed any contracts resulting in an account in favor of the defendant." (Doc. #1-2 at 2). Even broadly construing the complaint and granting Poole the benefit of all reasonable factual inferences, it appears that Poole denies that any transaction occurred at any point between him and Convergent. Thus, the complaint directly contradicts a required element to state a claim under the MMPA, such that amending the complaint would not cure the deficiency. As a result, Poole's claim arising under the MMPA is dismissed for failure to state a claim and Convergent's motion is granted at least in part.

Notwithstanding this outcome under state law, the Court considers whether Poole has otherwise plausibly asserted facts from which it can be reasonably inferred that Convergent is liable under the FCRA.

**B. THE MOTION TO DISMISS IS DENIED WITH RESPECT TO THE FCRA.**

First, to the extent Poole sought to assert common law claim for invasion of privacy, such claims are preempted by the FCRA. Bruce v. First U.S.A. Bank, Nat'l Assoc., 103 F. Supp. 2d 1135, 1145 (E.D. Mo. June 20, 2000); Betz v. Jefferson Capital Sys., LLC, No. 14-0254 (ESH),

4

2014 WL 4670302, at *4 (D.C. Cir. Sept. 22, 2014). The Court thus considers Poole's factual allegations to determine whether any claim under the FCRA is discernable. See Stone, 364 F.3d at 915.

The FCRA regulates the dissemination of consumer information. See Matthews v. Worthen Bank &Trust Co., 741 F.2d 217, 219 (8th Cir. 1984). The Act is intended "to require consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable . . . with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681(b) (2014). The Act provides for a private right to action imposing civil liability on any person who, willingly or negligently, fails to comply with the FCRA with respect to a consumer. 15 U.S.C. §§ 1681n, 1681o (2014); Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007).

The complaint states that on June 2, 2014, Poole "obtained his three consumer credit reports from the three (3) major credit reporting bureaus Equifax, Transunion, and Experian. Plaintiff at this time noticed an inquiry by [Convergent] to obtain Plaintiff's consumer credit report on [January 13, 2014]." Poole further states that, under the FCRA, he meets the definition of a consumer, Convergent is a credit furnisher, and "Experian is a 'credit providers' within the meaning of 15 U.S.C. § 1691(a)(f)" (Doc. 1-2 at 11). Further, the complaint states that Poole has never had any dealings with Convergent and alleges "defendant obtained [his] consumer credit report with 'no permissible purpose' . . . ." (Doc. #1-2 at 2).

Additionally, the complaint states Poole notified Convergent "of their violations . . . [and] received a letter back . . . ." (Doc. #1-2 at 12). Further, although Poole makes no express reference to it, a letter dated June 4, 2014 was filed with the complaint, from Convergent and addressed to Poole. The letter states: "We received your dispute and will begin an investigation

5

and respond back in writing with our findings. Our company has suspended collection efforts on your account pending the results of our investigation." (Doc. #1-2 at 13). The document also states "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR." (Doc. #1-2 at 13) (emphasis in original).

Finally, the complaint asserts that Poole did not give Convergent permission to obtain his credit report and that Convergent breached its "duty to properly ascertain if there was in fact any legitimate permissible purpose for obtaining Plaintiff's consumer report," and that Poole is entitled to damages. (Doc. #1-2 at 13).

First, Poole posits that Convergent improperly accessed his consumer credit report. In support of this claim, Poole states that he became aware of an inquiry from Convergent that had occurred in January 2014, and that Convergent obtained his credit report with no permissible purpose.

The FCRA provides certain permissible purposes for which a consumer's credit report may be obtained. 15 U.S.C. § 1681b (2014). The Act "expressly permits distribution of a consumer report to an entity that intends to use the information in connection with a credit transaction involving the consumer to whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A) (2014); Betz, 2014 WL 4670302, at *2 (citing Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011)). If an alleged violator of the FCRA can demonstrate that he or she obtained consumer information for a permissible purpose under the Act, the showing is a complete defense. 15 U.S.C. § 1691b (2014).

Even construing Poole's factual allegations broadly, the Court must find that the

complaint does not include sufficient factual content from which the reasonable inference could be drawn that Convergent is liable for the misconduct alleged. Poole alleges only that Convergent had no permissible purpose to obtain his credit report, but does not allege any factual support for that legal conclusion that could be potentially dispositive an FCRA claim. Poole must provide more than a legal conclusion to state a claim to relief for an alleged violation of the FCRA related to improperly obtaining consumer information. Betz, 2014 WL 46770302, at*3 (citing Jacques v. Solomon & Solomon P.C., 886 F. Supp. 2d 429, 435 (D. Del. 2012) (stating that although plaintiff may subjectively believe that defendant obtained his credit report for some impermissible purpose, he must support that belief with some factual allegations)).

Likewise, to the extent Poole sought to allege violation of the FCRA based on a failure to investigate a dispute regarding the accuracy of consumer credit information, the complaint is insufficient. Poole alleges that Convergent is a credit furnisher under the Act and that it breached its duty "to properly ascertain if there was in fact any legitimate purpose" to access Poole's credit report.

Indeed, the FCRA imposes a duty of investigation and notification related to the accuracy of information in a consumer credit report. 15 U.S.C. § 1681i(a) (2014). Moreover, the investigation is triggered by notice from the consumer of a dispute regarding the completeness or accuracy or information included in a credit report. Bruce, 103 F. Supp. 2d at 1142. Notwithstanding, even considering the attached letter exhibiting some correspondence between Convergent and Poole, the Court does not have sufficient factual information on the face of the complaint to determine whether Poole has stated a discernable FCRA claim based on the reasonable investigation requirement.

For these reasons, the Court concludes that Poole's claims under the MMPA fail as a

matter of law. However, with respect to Poole's claims purportedly premised on the FCRA, an amendment of the complaint for the purpose of providing factual clarification may cure the current defects. Therefore, in light of Poole's pro se status and the purpose of the FCRA, the Court grants Poole leave to file a limited amended complaint. Accordingly, it is hereby

ORDERED Defendant Convergent's Motion to Dismiss (Doc. #7) is GRANTED IN PART and DENIED IN PART. Poole's claims premised upon the MMPA only are DISMISSED. It is further

ORDERED Poole is granted leave to file an amended complaint with respect to alleged violations of the Fair Credit Reporting Act only, on or before **April 21, 2015**. Thereafter, and to the extent necessary, Convergent is granted leave to file another motion to dismiss directed toward the amended complaint. It is further

ORDERED Poole's failure to file an amended complaint that addresses the deficiencies discussed may result in the dismissal of the entirety of the case without further notice.

IT IS SO ORDERED.


DATED: <u>March 31, 2015</u>    /s/ Brian C. Wimes
                                JUDGE BRIAN C. WIMES
                                UNITED STATES DISTRICT COURT